Bruno G. STRANGIS, et al.,
Respondents,

v.

METROPOLITAN BANK, f.k.a.
Metropolitan State Bank,
Appellant.

No. C1–85–2231.

Court of Appeals of Minnesota.

April 15, 1986.

Scott G. Harris, Frank R. Berman, P.C., Minneapolis, for respondents.

Gary D. Pihlstrom, Adams, Atkinson & Pihlstrom, Edina, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a trial court order granting respondents' motion for temporary injunction and a second order denying appellant's motion for increased bond. Appellant claims (1) temporary injunction was not appropriate because an adequate legal remedy exists, and (2) increased bond is necessary because appellant is under-collateralized. We affirm.

## FACTS

On June 11, 1982, respondents Bruno and Juila Strangis signed a promissory note for $151,895.41 and appellant Metropolitan Bank received a second mortgage on respondents' house and by security agreement an interest in share certificates. The mortgage was filed on June 15, 1982 with a June 11, 1985 balloon payment maturity date.

The promissory note and mortgage were subsequently amended three times on October 21, 1982, May 27, 1983 and August 14, 1984. In totality, the amendments (1) gave appellant the right to accelerate all payments due under the promissory note after April 25, 1983, (2) advanced the maturity date to June 1, 1985, and (3) increased the face amount of the note to $168,698.69.

Respondents failed to make the required balloon payment on June 1, 1985. Appellant sought to foreclose its interest in the share certificates by scheduling their sale on or after July 12, 1985. On July 11, 1985, respondents served appellant with

summons and complaint alleging execution of the involved documents by Bruno Strangis was a product of duress, undue influence and coercion given his severely depressed mental condition. Respondents requested (1) temporary and permanent injunction restraining appellant from foreclosing its security interests, (2) rescission of the involved transactions, (3) cancellation of respondents' indebtedness, and (4) damages and costs.

The trial court issued an order to show cause on July 11, 1985 and a temporary restraining order prohibiting appellant from foreclosing its interests until a July 17, 1985 hearing. Respondents were ordered to post a $2000 bond.

On July 29, 1985, the trial court by order granted respondents' motion for temporary injunction and continued the $2000 bond. Appellant subsequently moved for an increase in the bond to $20,000 alleging the existing bond was inadequate. The trial court denied appellant's motion on November 8, 1985.

Notice of appeal was filed on December 5, 1985 from both the July 29 and November 8 orders. Respondents moved to dismiss the appeal as untimely taken. On January 21, 1986, this court denied respondents' motion finding both orders appealable.

## ISSUES

1. Did the trial court abuse its discretion in granting a temporary injunction?

2. Did the trial court abuse its discretion in denying increased bond?

## ANALYSIS

1. Appellant claims respondents were not entitled to an injunction restraining sale of collateral because irreparable harm would not result and any harm suffered respondents could adequately be covered by money damages.

The Minnesota Supreme Court established five factors to be considered in determining whether an injunction should issue:

(1) The nature and background of the relationship between the parties preexisting the dispute giving rise to the request for relief.

(2) The harm to be suffered by plaintiff if the temporary restraint is denied as compared to that inflicted on defendant if the injunction issues pending trial.

(3) The likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief.

(4) The aspects of the fact situation, if any, which permit or require consideration of public policy expressed in the statutes, State and Federal.

(5) The administrative burdens involved in judicial supervision and enforcement of the temporary decree.

*Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965) (footnotes omitted). Here, the trial court found four of the factors to be inconclusive, but concluded factor two was dispositive in respondents' favor.

Great caution and deliberation must be exercised by the trial court in the granting of an interlocutory injunction since the injunctive process is the strong arm of equity. The right to and the necessity for the granting or refusal of such an injunction lies largely within the discretion of the trial court, whose action will not be disturbed on appeal unless from the whole record it appears that there has been an abuse of such discretion. *AMF Pinspotters, Inc. v. Harkins Bowling, Inc.*, 260 Minn. 499, 504, 110 N.W.2d 348, 351 (1961).

Respondents would suffer irreparable harm by the foreclosure of the mortgage on their homestead. Real property is unique, which money damages may not adequately compensate. Neither has appellant shown money damages would adequately compensate for wrongful sale of the share certificates and resulting adverse tax treatment. When legal remedies are inadequate, injunction may be granted.

*See id.* The trial court did not abuse its discretion.

2. Appellant claims respondents' $2000 bond inadequately protects its interest because it leaves appellant under-collateralized.

No temporary restraining order or temporary injunction shall be granted except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Minn.R.Civ.P. 65.03(1); *see* Pt. I, Rule 24, Code of Rules for the District Courts.

The trial judge has wide discretion in setting the amount of the bond. * * * On appeal, this court must determine whether the trial court committed an abuse of discretion.

*Paradata of Minnesota, Inc. v. Fox,* 356 N.W.2d 852, 855 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Feb. 6, 1985).

 Here, appellant claims under-collateralization based on fluctuation in the share certificates' market value. Valuation of all collateral as submitted by respondents showed appellant to still be adequately collateralized despite fluctuation. Given the trial court's opportunity and ability to judge the credibility of evidence, we cannot say an abuse of discretion occurred.

### DECISION

The trial court did not abuse its discretion in granting a temporary injunction nor in setting the $2000 bond.

Affirmed.